IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SARAH HAND, as Trustee for the BLAIR FOX REHNBERG TRUST, )<br>)<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>ATHENE ANNUITY AND LIFE )<br>COMPANY, )<br>)<br>   Defendant. )<br>_____ | <br><br><br><br><br><br><br><br><br><br><br><br>CIVIL CASE NO. 2:22-cv-354-ECM<br>(WO) |
| ATHENE ANNUITY AND LIFE )<br>COMPANY, )<br>)<br>   Counterclaim/Third Party )<br>   Claim Plaintiff, )<br>)<br>   v. )<br>)<br>SARAH HAND, as Trustee for the BLAIR )<br>FOX REHNBERG TRUST, *et al.*, )<br>)<br>   Counterclaim/Third Party )<br>   Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is the Athene Annuity and Life Insurance Company's ("Athene Annuity") motion for default judgment against defendants Jason S. Rehnberg ("Rehnberg") and Aimee R. Ordung ("Ordung") filed on October 31, 2022. (Doc. 22).

Athene Annuity filed this Counterclaim/Third Party Claim against the Counterclaim/Third Party Claim Defendants for Constructive Interpleader and Declaratory Judgment. (Doc. 7 at 22). The Counterclaim/Third Party Claim was served on Rehnberg on August 8, 2022. (Doc. 15). Ordung was personally served on August 5, 2022. (Doc. 16). On October 21, 2022, Athene Annuity filed an application to the Clerk of Court for an Entry of Default. (Doc. 18). The Clerk completed the Entry of Default as to Rehnberg and Ordung on October 25, 2021. (Doc. 21).

On October 31, 2022, Athene Annuity filed a motion for default judgment. (Doc. 22). For the reasons that follow, the Plaintiff's motion for default judgment is due to be GRANTED as to Counterclaim/Third Party Claim Defendant Ordung but DENIED as to Counterclaim/Third Party Claim Defendant Rehnberg.

## II. JURISDICTION

The Court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1335. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. STANDARD OF REVIEW

Federal Rules of Civil Procedure 55 governs the procedure for obtaining a default judgment and creates a two-step procedure for obtaining a default judgment against an unresponsive party. *See* Fed. R. Civ. P. 55. An entry of default must precede an entry of a default judgment. When a defendant "has failed to plead or otherwise defend," and the

plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a).  After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  The Counterclaim/Third Party Plaintiff has applied for and received entry of default against Defendants Rehnberg and Ordung pursuant to Fed. R. Civ. P. 55(a).  (Doc. 21).  The Court may, but is not required to, hold a hearing before entering a default judgment.  "When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact." *Id*. (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015) (quotation marks omitted)).

### IV.  DISCUSSION

In the Eleventh Circuit, there is a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a).  Although modern courts do not favor default judgments, they are appropriate when the adversary process has been halted because of an unresponsive party. *Flynn v. Angelucci Bros. & Sons, Inc.,* 448 F. Supp. 2d 193, 195 (D.D.C. 2006) (citation omitted). Where, as here, a defendant has failed to respond to or

otherwise acknowledge the pendency of a lawsuit against him or her months after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default does not automatically entitle the plaintiff to a default judgment. A default is not "an absolute confession by the defendant of [her] liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (alteration added); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.,* 2009 WL 4349806 at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009)). In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)

(quotations omitted). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Moreover, "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006).

In the Counterclaim/Third Party Claim, Athene Annuity seeks a declaratory judgment regarding the ownership of three annuities issued to Blair Fox Rehnberg by Athene Annuity. (Doc. 7 at 12–19). According to Athene Annuity, Sarah Hand as Trustee for the Blair Fox Rehnberg Trust has asserted rights to the annuities which conflict with the beneficiary designations of each annuity.

### A.  Counterclaim/Third Party Claim Defendant Ordung

Where, as here, the Defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against her after being served, entry of default judgment may be appropriate.

Once a default has been entered, "[t]he defendant, by h[er] default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu v. Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (alteration added). "A named interpleader defendant who fails to answer the interpleader complaint and assert

5

a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada*, 431 F.Supp.2d at 226. By failing to respond to the Counterclaim/Third Party Claim within the time prescribed by the Federal Rules of Civil Procedure, Ordung has forfeited any claim to the annuities that might have been asserted. Athene Annuity's allegations in the counterclaim and the attached documentations provide a sufficient basis for the Court to enter default judgment against Ordung. The motion for default judgment, is therefore, due to be granted as to Counterclaim/Third Party Claim Defendant Ordung.

### B. Counterclaim/Third Party Claim Defendant Rehnberg

The Court does not, however, find that default judgment is appropriate as to Counterclaim/Third Party Claim Defendant Rehnberg. On November 1, 2022, Defendant Rehnberg filed an answer (doc. 23) so default against this defendant is inappropriate as he has filed a response to the Complaint.

### V. CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED as follows:

1.   The motion for entry of default judgment (doc. 22) is DENIED as to Counterclaim/Third Party Claim Defendant Rehnberg.

6

2. The motion for entry of default judgment (doc. 22 GRANTED as to Counterclaim/Third Party Claim Defendant Ordung to the extent that default judgment is ENTERED in favor of the Athene Annuity and against Ordung.

3. Counterclaim/Third Party Claim Defendant Ordung is ENJOINED from instituting or pursuing any state or federal court action arising from or relating in any way to the Annuity Contracts at issue.

4. In all other respects, the motion is DENIED.

Done this 27th day of February, 2023.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE